BILBREY, J.,
concurring in part and dissenting in part.
Judge Osterhaus’ opinion grants Reynolds’ Emergency Motion for Stay of Execution. I believe based on the plain language of section 569.23, Florida Statutes, we should dissolve our stay of execution as to all Reynolds assets except for the $5,523,329 bond which’is currently in place.
Section 569.23(3)(a) 1, Florida Statutes, stays the execution of a judgment against a defendant who was party to the Florida tobacco settlement “during the pendency of all appeals or discretionary appellate *496 review of such judgment in Florida courts.” Reynolds was a party to the Florida tobacco settlement and was properly entitled to the stay while it undertook appeals in the Florida courts. See R.J. Reynolds v. Hall, 67 So.3d 1084 (Fla. 1st DCA 2011) (explaining the history of § 569.23, Fla. Stat.). Reynolds’. entitlement to a stay under section 569.23(3)(a)l ended in February 2016 when the Florida Supreme Court declined to exercise jurisdiction over Reynolds’ appeal from our Court.
Reynolds argues that section 569.23(3)(b)l, Florida Statutes, provides it the benefit of a stay while Reynolds “exercises its right to seek discretionary appellate review outside of Florida courts, including a review by the -United. States Supreme Court.” If Reynolds had filed a petition for. writ of certiorari in the United States Supreme Court, I would agree that it would be entitled to a stay of execution on the judgment until the -proceedings there were final. But the majority seems to believe that “exercises its right” includes Reynolds contemplating the exercise of its right or taking action in preparation for exercising its right, even though nothing has been filed in the United States Supreme Court.[1] I respectfully disagree and think that "exercises” requires some affirmative action, not the mere .contemplation of undertaking an action or taking steps in preparation of undertaking an action.
As has been repeatedly stated, “[w]hen a statute is clear, courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent.” State v. Burris, 875 So.2d 408, 410 (Fla.2004) (citations omitted). Black’s Law Dictionary (10th ed.2014) defines exercise as, “To make use of; to put into action.” I respectfully submit that the majority opinion gives a strained meaning to the word exercise, not the plain meaning we are required to use. Reynolds has not made use of its right to seek to have the United States Supreme Court overturn our decision — it has not put its right into action.
To “exercise a right” requires taking action to enforce the right.[1] Reynolds certainly could take action to enforce its right to seek review from the United States Supreme Court, but so far has chosen not to.[2]
Reynolds’ action in increasing the bond is not an exercise of its right to seek review. Instead I would consider the increased bond as action in preparation of exercising its right. The mere act of increasing its bond does nothing to seek review and no relief can be granted to Reynolds by. the United. States Supreme Court just because it increased the bond.
If Reynolds intends to file a petition for writ of certiorari before the United States Supreme Court, it does not have to wait to exercise; its right to seek a stay. Even prior to filing a petition, ■ Reynolds could seek a stay from the United States . Supreme Court pursuant to United. States Supreme Court Rule 23 and 28 U.S.C. § 2101(f). Justice Thomas, as circuit justice for the United States Eleventh Circuit, could grant a stay based on Reynolds expressing an intent to file a petition for *497 writ of certiorari. See Barnes v. E-Sys., Ino. Group Hosp. Med. & Surgical Ins. Plan, 501 U.S. 1301, 112 S.Ct. 1, 115 L.Ed.2d 1087 (1991) (Scalia, J., in chambers).[3]
Finally, I agree with- Judge Osterhaus that under the plain language of section 569.23(3)(c), Florida Statutes, any attempt to execute on the bond is prohibited until the judgment becomes final and that the judgment -will not be final for the purposes of section 569.23(3)(c) until either the United States Supreme Court acts on a petition to that Court, or the time to file a petition for writ of certiorari to that Court has expired.
Based on the above, I would lift the stay of execution on all Reynolds’ assets with the exception of the bond. See Chapter 56, Fla. Stat. I would maintain the stay on the bond until the judgment becomes final under section 569.23(3)(cj.

. In my Panhandle vernacular, if I am “fixing to go to the store” I have not yet gone to the store. If I am considering going to the gym or if I am,buying exercise equipment, I am not exercising.

. United States Supreme Court Rule 13 and 28 U.S.C. § 2101(c) give a party 90 days to file a petition for writ of certiorari and allow a party to seek a 60 day extension to file. So the majority would potentially allow Reynolds up to a five month stay of execution even if Reynolds never actually exercises its right to seek review.

. Of course to be entitled to a stay from the United States Supreme Court, Reynolds would have to demonstrate "a reasonable probability that certiorari will be granted (or probable jurisdiction noted), a significant possibility that the judgment below will be reversed, and a likelihood of irreparable harm (assuming the correctness of the applicant’s position) if the judgment is not stayed.” Id. at 1302; see also Philip Morris USA Inc. v. Scott, — U.S. —, 131 S.Ct. 1, 177 L.Ed.2d 1040 (2010) (Scalia, J., in chambers). Reynolds haS not alleged any basis for the United States Supreme Court to exercise certiorari jurisdiction, múch less that it meets any of these requirements. See United States Supreme Court Rule 10; 28 U.S.C. § 1257(a).